Jeff P. Prostok
State Bar No. 16352500
**FORSHEY & PROSTOK LLP**
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com

*Counsel for Two Sisters, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BARNSTORM RESOURCES, LLC | § | Case No. 22-60246 |
| | § | |
| Debtor. | § | |

### NOTICE OF PREPETITION FORECLOSURE BY TWO SISTERS, LLC

TO ALL PARTIES IN INTEREST:

COMES NOW Two Sisters, LLC ("Two Sisters"), a prepetition secured creditor of Barnstorm Resources, LLC ("Barnstorm" or the "Debtor") and certain of its nondebtor affiliates, and files this *Notice of Prepetition Foreclosure by Two Sisters, LLC.* Two Sisters would respectfully advise all parties in interest of the following:

### I. BACKGROUND

1.  Two Sisters is the Payee and Barnstorm is a co-maker[1] of that certain

---

[1] The other co-makers of the Note are Barnstorm Resources II, LLC ("Barnstorm II") and R. Kevin Russell ("Russell"). Russell is a manager and member of both Barnstorm and Barnstorm II. Russell, Barnstorm, and Barnstorm II are referred to collectively herein as the "Russell Group." As of the date of this Notice, neither Russell nor Barnstorm II has sought bankruptcy court protection.

Secured Promissory Note (the "Note") dated November 29, 2021, in the original principal amount of $700,000.  By that certain Conditional Reinstatement Agreement dated April 4, 2022, between Two Sisters and the Russell the principal balance of the Note was increased by $50,000 because the Russell Group failed to make a payment due to Two Sisters pursuant to such agreement.

2. Payment of the note is secured by that certain Deed of Trust (the "Deed of Trust") dated November 21, 2021, executed by Barnstorm as co-mortgagor in favor of Karl F. Hirsch (the "Trustee") as Trustee for the benefit of Two Sisters as Mortgagee. Pursuant to the Deed of Trust, Barnstorm and its co-mortgagors granted to the Trustee, for the benefit of Two Sisters, a lien on the co-mortgagors' interests in and to certain oil and gas properties and related assets described in the exhibits to the Deed of Trust (the "Mortgaged Assets"). The Note and the Deed of Trust are referred to collectively herein as the "Loan Documents."

3. The Deed of Trust specifically grants the right to conduct a nonjudicial foreclosure sale of the Mortgaged Assets in accordance with Tex. Prop. Code Ann. § 51.002.

4. The Russell Group defaulted in payment of the Note, following which Two Sisters provided the Russell Group with due notice of default and acceleration of the indebtedness, and posted the Mortgaged Assets for foreclosure on June 7, 2022, at the Johnson County Courthouse in Cleburne, Texas, all in accordance with the terms and conditions of the Loan Documents and Texas law.

5. At 10:00 AM on June 7, 2022, J. Patrick Murphy, as Substitute Trustee under the Deed of Trust, commenced a nonjudicial foreclosure sale of the Mortgaged Assets at the Johnson County Courthouse. Pursuant to the instructions of Two Sisters, there being no higher or better offers submitted for the Mortgaged Assets, the Substitute Trustee, on Two Sisters' behalf, accepted the credit bid of Two Sisters for the Mortgaged Assets. The

Substitute Trustee executed the Trustee's Conveyance, Assignment and Bill of Sale (the "Trustee's Deed"), evidencing the transfer of title in and to the Mortgaged Assets to Two Sisters. All of the foregoing was conducted in strict compliance with the Loan Documents and Texas law.

6. The foreclosure sale of the Mortgaged Assets was completed at 10:02 AM on June 7, 2022.

7. Barnstorm commenced this case by filing its chapter 11 petition at 10:05 AM on June 7, 2022.

## II.  NOTICE

**A.  Two Sisters Foreclosed on the Mortgaged Assets Before the Commencement of this Case.**

8. All parties in interest are advised that because the nonjudicial foreclosure sale of the Mortgaged Assets was completed prior to the commencement of this chapter 11 case, the Mortgaged Assets do not constitute property of the Debtor's estate and therefore are not available for the payment of claims against the estate absent the consent of the owner. Creditors may wish to take this fact into account in deciding how and whether to participate in this chapter 11 case.

9. It is well established under Texas law that a nonjudicial foreclosure sale is effective to transfer title when the lender and trustee have complied with state foreclosure law and the deed of trust, and the lender has accepted the bid. *Kamper Invs., LLC v. Gomez (In re Gomez),* Civ. Action No. M-08-155, 2009 U.S. Dist. LEXIS 130715, *3 (S.D. Tex. Mar. 31, 2009) *(reversing Gomez v. Kamper Invs., LLC (In re Gomez)*, 388 B.R. 279 (Bankr. S.D. Tex. 2008)); *Jones v. Wells Fargo Bank, N.A. (In re Jones)*, 573 B.R. 665, 671 (Bankr. N.D. Tex. 2017); *In re Munoz*, Case No. 10-31627-hcm, 2011 Bankr. LEXIS 611 (Bankr. W.D. Tex. Feb. 22, 2011*); see also Peterson v. Black*, 980 S.W.2d 818, 822 (Tex. App.—

San Antonio 1998, no writ). Accordingly, none of the Mortgaged Assets were included in the Debtor's estate upon the commencement of this chapter 11 case. *See* 11 U.S.C. § 541(a)(1) (property of the estate consists of "all legal or equitable interests of the debtor in property *as of the commencement of the case*") (emphasis added).

**B.     Even if Two Sisters Had Not Foreclosed, Barnstorm's Bankruptcy Estate Would Include Only One-Quarter of the Mortgaged Assets.**

10.     Additionally, substantial issues exist as to the extent of Barnstorm's ownership of the Mortgaged Assets before the bankruptcy filing. Title to the Mortgaged Assets changed hands several times prior to the petition date. At one point, Barnstorm II held title to all of the Mortgaged Assets. Subsequently, Barnstorm II assigned one-quarter of the Mortgaged Assets to Two Sisters, which then assigned the one-quarter interest to Barnstorm. Barnstorm II attempted to assign its remaining three-quarters of the Mortgaged Assets to Barnstorm. However, it appears that Barnstorm, not Barnstorm II, purported to execute the document as assignor. Since Barnstorm did not hold title to the subject assets, the purported assignment was ineffective and Barnstorm II retained ownership of the three-quarters interest in the Mortgaged Assets.

11.     For this reason, even if Two Sisters had not foreclosed on the Mortgaged Assets before the Debtor's bankruptcy filing, the Debtor's bankruptcy estate would include only one-quarter of the Mortgaged Assets, with the remaining three-quarters being held by Barnstorm II.

DATED:  June 12, 2022                                    Respectfully submitted,

*/s/ Jeff P. Prostok*
Jeff P. Prostok
State Bar No. 16352500
**FORSHEY & PROSTOK LLP**
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Telephone: (817) 877-8855

Facsimile: (817) 877-4151
jprostok@forsheyprostok.com

*Counsel for Two Sisters, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served upon parties requesting ECF electronic notice and via email on the parties listed below on June 12, 2022.

Barnstorm Resources LLC
c/o Jeff Carruth
Weycer, Kaplan, Pulaski & Zuber, P.C.
3030 Matlock Rd., Suite 201
Arlington, TX 76015
jcarruth@wkpz.com

      */s/ Jeff P. Prostok*
      Jeff P. Prostok