## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BARNSTORM RESOURCES, LLC, | § | CASE NO. 22-60246 |
| | § | |
| DEBTOR. | § | |

## MOTION OF DEBTOR TO EMPLOY ACCOUNTANT

**LBR 9007(a) NOTICE**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

**TO THE HONORABLE JOSHUA P. SEARCY, U.S. BANKRUPTCY JUDGE:**

BARNSTORM RESOURCES, LLC, debtor and debtor in possession ("Barnstorm" or the "Debtor"), files this *Motion of Debtor to Employ Accountant* (the "Motion") and in support thereof would show the Court the following.

### INTRODUCTION

1. This Motion seeks authorization for the Debtor to employ an accountant.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to, and without limitation §§105 and 1101 et seq. of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Code").

3. Venue action is proper in this Court pursuant to 28 U.S.C. §1409.

4. This is a core proceeding within the meaning of 11 U.S.C. §157(b).

5. The Court may try this matter to a conclusion and enter final orders under *Stern v. Marshall*, 131 S. Ct. 2594 (U.S. 2011).

## FACTUAL BACKGROUND

**The identify and background of the Debtors and Debtors in Possession.**

6. Barnstorm, which is based in Longview, Texas, is the owner and operator of various producing mineral properties situated in Johnson County, Texas.

**The Commencement of the Bankruptcy Case.**

7. On June 7, 2022 (the "Petition Date"), Barnstorm commenced the above-captioned Chapter 11 case by filing a voluntary petition.

8. Barnstorm continues to operate its business as debtor in possession. No trustee or committee is appointed.

9. Barnstorm commenced this case in order to stop the foreclosure of the subject mineral properties by the first lien holder and following the exhaustion of attempts to delay foreclosure in order to potentially resolve the first lien indebtedness.

**Factual background in support of the relief requested.**

10. Debtor has selected the following accounting processional to assist the Debtor as further described below (the "Accountant").

| **Name:** | Shane Graves, PC (Shane Graves, CPA) |
|---|---|
| **Address:** | 515 N Fredonia Longview, Texas 75601 903-753-0802 |

11. The Debtor proposes to employ the Accountant to provide the following services (collectively, the "Specified Services"):

    a. Prepare and/or assist with various accounting, bookkeeping, and compliance requirements, including but not limited to the following:, monthly financial statements, bookkeeping services, payroll processing, preparing corporate tax returns, preparing the State of Texas franchise tax return, quarterly and year end payroll tax preparation, and assisting in the workout process with creditors and any other business services directly related to the business operations of the Debtor and/or these proceedings, as may requested by the Debtor from time to time.

    b. Prepare the monthly operating reports, and undertake all necessary preparatory work related thereto.

    c. Any other services related to the foregoing as may be requested from time to time by the Debtor.

12. Debtor has selected the Accountant to perform the Specified Services due to the experience, qualifications, and/or capabilities of the Accountant in such matters, the familiarity of the Accountant with the Debtor, and/or the past work of the Accountant for the Debtor for services the same as and/or similar to the Specified Services.

13. To the best of Debtor's knowledge the Accountant has no connections with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the U.S. Trustee, except as otherwise disclosed below.

    a. The Accountant provided one or more of the Specified Services to the Debtor prior to the Petition Date.

      b.      The Accountant provided one or more of the Specified Services to other entities that are owned and/or controlled by the same management personnel as the Debtor (i.e. Kevin Russell).

      c.      The Debtor owed the Accountant $21,230.00as of the Petition Date.

14.    The Accountant represents no interest adverse to the Debtor or its estate in the matters upon which he will be engaged by the Debtor.

15.    The Accountant requires the following initial retainer deposit and hourly rate.

| | |
|---|---|
| **Initial retainer:** | $0.00 |
| **Hourly rate:** | $225.00 |

16.    The Declaration of the Accountant, pursuant to Code §327(a) and Bankruptcy Rule 2014 is attached hereto as **Exhibit BAR004**.[1]

17.    Pursuant to Code §§330 and 331, any compensation sought in this bankruptcy case by the Accountant will be the subject of interim and/or final approval of Court.

## RELIEF REQUESTED

18.    Accordingly, pursuant to Code §§327 and 330, Debtor respectfully requests that the Court approve employment of the Accountant by the Debtor for the purpose of performing the Specified Services.

19.    A proposed form of final order accompanies this Motion and is incorporated by reference herein.

## BASIS OF RELIEF

20.    The Debtor requires completion of the Specified Services in order to, inter alia, assist in the management and operation of the business operations of the Debtor, maintain and/or

---

[1] As of the filing of this Motion, the Debtor is awaiting the approval and signature of the Declaration from Mr. Graves. The Declaration once signed will be filed and served as a supplement to this Motion.

improve upon internal processes and controls, fulfill statutory and/or regulatory compliance, and to assist in the reorganization of the Debtor.

21. Retention and employment of the Accountant would be in the best interests of the Debtor and its estate.

22. The Accountant will assist the Debtor in fulfilling the disclosure and reporting obligations of the debtor as debtor in possession.

## RESERVATION OF RIGHTS

23. Barnstorm reserves the right to amend and/or supplement this Motion prior to any hearing.

## CONCLUSION AND PRAYER

WHEREFORE, Barnstorm Resources, LLC, the debtor and debtor-in-possession, respectfully requests that the Court authorize the Debtor to employ the Accountant as set forth above. Debtor respectfully requests that the Court grant to the Debtor such other and further relief to which the Debtor is entitled at law or in equity.

Dated:  October 13, 2022            Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
By:    */s/ Jeff Carruth*
   JEFF CARRUTH (TX SBN:. 24001846)
   3030 Matlock Rd., Suite 201
   Arlington, Texas 76105
   Telephone: (713) 341-1158
   Fax: (866) 666-5322
   E-mail:  jcarruth@wkpz.com

ATTORNEYS FOR
BARNSTORM RESOURCES, LLC,
DEBTOR AND DEBTOR IN POSSESSION

## **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that a true and correct copy of the foregoing was served on October 13, 2022 (1) by electronic notice to all ECF users who have appeared in this case to date; (2) by regular mail to all parties appearing in the attached address list (i.e. mailing matrix) obtained from the Court's PACER facility, as set forth in the attached lists.

                                             */s/ Jeff Carruth*
                                             JEFF CARRUTH

**22-60246 Notice will be electronically mailed to:**

Jeff Carruth on behalf of Debtor Barnstorm Resources LLC
jcarruth@wkpz.com, jcarruth@aol.com;atty_carruth@trustesolutions.com;carruthjr87698@notify.bestcase.com

Charles E. Lauffer, Jr. on behalf of Creditor Ralph H. Falls
raeannr@rllawfirm.net

Jeff P. Prostok on behalf of Creditor Two Sisters, LLC
jprostok@forsheyprostok.com,
lbreedlove@forsheyprostok.com;calendar@forsheyprostok.com;Calendar_0573@ecf.courtdrive.com;jprostok@ecf.courtdrive.com

Laurie A. Spindler on behalf of Creditor Gregg County
laurie.spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;Julie.Wilson@lgbs.com;dallas.bankruptcy@lgbs.com

US Trustee
USTPRegion06.TY.ECF@USDOJ.GOV

# REGULAR MAIL LIST

| # | Name | Address1 | Address2 | City | State | Zip | Email | Method of Service / Comment | Comment |
|---|---|---|---|---|---|---|---|---|---|
| 1 | SERVICE LIST | Case No. 22-60246 | In re: Barnstorm Resources, LLC | | | | | | |
| 3 | Barnstorm Resources LLC | 515 N Fredonia | | Longview | TX | 75601-5308 | | Regular mail | |
| 4 | Gregg County | c/o Sherrel K. Knighton / Linebarger, Goggan, Blair & Sampson, LLP | 2777 N. Stemmons Freeway, Suite 1000 | Dallas | TX | 75207-2328 | | Regular mail | |
| 5 | U. S. Bankruptcy Court - Tyler | Plaza Tower | 110 N College Ave., 9th Floor | Tyler | TX | 75702-7226 | | omit | |
| 6 | 10 Services Company, LLC | PO Box 1185 | | Bridgeport | TX | 76426-1185 | | Regular mail | |
| 7 | Bridgeport Fishing Tools | 218 Lake St | | Bridgeport | TX | 76426-5034 | | Regular mail | |
| 8 | Elite Hydrostatic Testing, LLC | Attn: Beth Noble | 871 Feed Storre Rd | Bowie | TX | 76230 | | Regular mail | |
| 9 | Gregg County | c/o Laurie A. Spindler / Linebarger, Goggan, Blair & Sampson, LLP | 2777 N. Stemmons Freeway, Suite 1000 | Dallas | TX | 75207-2328 | laurie.spindler@lgbs.com | NOA-ECF | Linebarger |
| 10 | Internal Revenue Service | Special Procedures Staff - Insolvency | PO Box 7346 | Philadelphia | PA | 19101-7346 | | Regular mail | |
| 11 | J-W Operating | Attn: Janet Peeler | 15505 Wright Brothers Dr | Addison | TX | 75001-4274 | | Regular mail | |
| 12 | Kevin Russell | 515 N Fredonia | | Longview | TX | 75601-5308 | | omit | |
| 13 | New Tex Trucking LLC | Attn: Jason Holley | PO Box 64327 | Lubbock | TX | 79464-4327 | | omit = Two Sisters | |
| 14 | Russco Oil & Gas | Attn: Raymond Russell | 515 N Fredonia St | Longview | TX | 75601-5308 | | Regular mail | |
| 15 | Texas Comptroller of Public Accounts | Revenue Accounting Div - Bankruptcy Section | PO Box 13528 | Austin | TX | 78711-3528 | | Regular mail | |
| 16 | Two Sisters LLC | c/o J. Patrick Murphy | 505 Pecan St., Suite 201 | Fort Worth | TX | 76102-4061 | jprostok@forsheyprostok | NOA-ECF | |
| 17 | US Trustee | Office of the U.S. Trustee | 110 N College Ave., Suite 300 | Tyler | TX | 75702-7231 | USTPRegion06.TY.ECF@ | NOA-ECF | Prostok |
| 18 | Jeff Carruth | WKPZ | 3030 Matlock Rd., Suite 201 | Arlington | TX | 76015 | | omit | |
| 19 | Ralph H. Falls | | | | | | raeannr@rllawfirm.net | NOA-ECF | Charles E. Lauffer, Jr. |
| 20 | J-W Power Company | PO Box 226406 | | Dallas | TX | 75222 | | Regular mail | add c. 20220715 |
| 21 | Cumming Company Inc. | 6300 Ridglea Place #904 | | Fort Worth | TX | 76116 | | Regular mail | add c. 20220715 |
| 22 | D&H Risk Services Inc. | PO Box 3183 | | Longview | TX | 75061 | | Regular mail | add c. 20220715 |
| 23 | TCEQ | PO Box 13087 | | Austin | TX | 78711-3087 | | Regular mail | add c. 20220715 |

**PROPOSED FINAL ORDER**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BARNSTORM RESOURCES, LLC, | § | CASE NO. 22-60246 |
| | § | |
| DEBTOR. | § | |

**ORDER GRANTING MOTION OF DEBTOR TO EMPLOY ACCOUNTANT (RE: DOCKET NO. 49)**

On this day came on for consideration the *Motion of Debtor to Employ Accountant* (Docket No. 49) (the "Motion") filed herein on October 13, 2022 by Barnstorm Resources, LLC, debtor and debtor in possession ("Barnstorm" or the "Debtor"). The Court finds and concludes that upon review of the record of this case that sufficient notice was provided in accordance with the Federal Rules of Bankruptcy Procedures and/or the Local Bankruptcy Rules (the "Rules"), no objections or requests for a hearing were filed or otherwise received within the time period specified under the Rules, and with respect to the Motion that cause exists to grant the relief requested therein.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. All capitalized terms shall have the same meaning as ascribed to such terms in the Motion, unless otherwise defined herein.

3. This Debtor is authorized to employ the Accountant for the Specified Services as set forth in the Motion.

4. Interim and/or final compensation of the Accountant shall occur only by subsequent motion and order of the Court.

Dated: _____

_____
THE JOSHUA R. SEARCY
UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BARNSTORM RESOURCES, LLC,** | § | **CASE NO. 22-60246** |
| | § | |
| **DEBTOR.** | § | |

**DECLARATION OF SHANE GRAVES**

Pursuant to 28 U.S.C. §1746, Shane Graves hereby declares the following under penalty of perjury of the laws of the United States that the following statements are true and correct.

1. My name is Shane Graves. I am more than twenty-one (21) years of age and am competent and authorized to make this affidavit. I have personal knowledge of the facts set forth herein and they are true and correct.

2. This affidavit was prepared and is being submitted as an exhibit to the *Motion of Debtor to Employ Accountant* (the "Motion").

3. I have been asked to provide the following services (collectively, the "Specified Services"):

   a. Prepare and/or assist with various accounting, bookkeeping, and compliance requirements, including but not limited to the following:, monthly financial statements, bookkeeping services, payroll processing, preparing corporate tax returns, preparing the State of Texas franchise tax return, quarterly and year end payroll tax preparation, and assisting in the workout process with creditors and any other business services directly related to the business operations of the Debtor and/or these proceedings, as may requested by the Debtor from time to time.

   b. Prepare the monthly operating reports, and undertake all necessary preparatory work related thereto.

   c. Any other services related to the foregoing as may be requested from time to time by the Debtor.

4. My hourly rate for this engagement is $225.

5. No promises have been made or received by me or by any related personnel or associates as to compensation in connection with this case, except in accordance with the provisions of the Bankruptcy Code. I have no agreement with any individual or entity to share with such individual or entity any compensation that I receive in connection with this case, except in accordance with Code §504.

6. To the best of my knowledge and belief, I have no connections with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the U.S. Trustee, except as otherwise disclosed below.

    d. The Accountant provided one or more of the Specified Services to the Debtor prior to the Petition Date.

    e. The Accountant provided one or more of the Specified Services to other entities that are owned and/or controlled by the same management personnel as the Debtor (i.e. Kevin Russell).

    f. The Debtor owed the Accountant $$21,230.00as of the Petition Date.

7. To the best of my knowledge and belief, I am a "disinterested person" as that term is defined and used in Code §§101(14) and 327.

8. Although every effort has been made to identify all potential conflicts of interest, I may discover additional connections with creditors and parties-in-interest that were not initially known to or discoverable. I will investigate any such connections if and when they become known. If I discover any material conflict of interest, or any information materially contrary or in addition to that set forth herein, I will promptly disclose such contrary or additional information to the Court and seek instruction of the Court.

9. If any personnel other than myself are called upon to assist in this engagement, a supplemental affidavit or declaration shall be filed.

10. To the best of my knowledge and belief, no reason exists to deny my retention as set forth in the Motion.

FUTHER DECLARANT SAYEHT NOT

_____
SHANE GRAVES